UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
OTTO KOGEN,

                                 Plaintiff,

                - against -

CITY OF NEW YORK,
DETECTIVE JOHNPAUL SLATER (Shield #06994),
DETECTIVE VICTOR CARUSI (Shield #07934),
DETECTIVE WILLIE ARTILES (Shield #00774),

                                Defendants.
----------------------------------------------------------------------X

**AMENDED
COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

12 Civ. 0828 (WHP)

       Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP,** complaining of the

Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

       1.      That the damages sought herein exclusive of interest, costs, and disbursements,

exceed $75,000.

       2.      That at all times herein mentioned, Plaintiff, **OTTO KOGEN**, was, and still is a

resident of the City, County and State of New York.

       3.      That at all times relevant and material herein, the Defendant, **CITY OF NEW**

**YORK,** was, and still is, a municipal corporation, duly organized and existing under and by

virtue of the Laws of the State of New York.

       4.      That prior hereto on June 9, 2011, and within the time prescribed by law, a sworn

Notice of Claim stating, among other things, the time when and place where the injuries and

damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly

served on the claimant's behalf on the Comptroller for the City of New York and that thereafter

said Comptroller for the City of New York refused or neglected for more than thirty (30) days,

and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5.      That Defendant, **CITY OF NEW YORK,** had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim.

6.      That Defendant, **CITY OF NEW YORK,** pursuant to General Municipal Law § 50-h, did not request plaintiff to appear and submit to oral examination under oath with respect to the underlying claim and Plaintiff, **OTTO KOGEN**, thus did not appear to such hearing.

7.      That this action is being commenced within the time allowed by law for institution of the action.

8.      That, upon information and belief, at all times mentioned herein, Defendant, **CITY OF NEW YORK**, owned and operated a Police force known as the **NEW YORK CITY POLICE DEPARTMENT.**

9.      That upon information and belief, at all times mentioned herein, Defendant, **NEW YORK CITY POLICE DEPARTMENT** was and still is a police force and an agency, department, and/or subsidiary of Defendant, **CITY OF NEW YORK**.

10.     That upon information and belief and at all times herein mentioned, Defendant, **CITY OF NEW YORK,** operated a Police department within the City of New York, known as Defendant **NEW YORK CITY POLICE DEPARTMENT,** which includes the "24th Precinct," and whose Police headquarters are located at 151 West 100 Street, New York, NY 10025.

11.     That, upon information and belief, at all times herein mentioned, DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), was/were employed as a plain clothes Police Officer, Detective, or in some other capacity as an agent and/or employee of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK.**

12.     That, upon information and belief, at all times herein mentioned, the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK.**

13.     That, upon information and belief, at all times herein mentioned, Defendant, **CITY OF NEW YORK**, required all Police officers, detectives, and other agents and/or employees who worked for Defendant **NEW YORK CITY POLICE DEPARTMENT**, an agency, department and/or subsidiary of Defendant, to pass a training program or "academy."

14.     That, upon information and belief, at all times herein mentioned, Defendant **NEW YORK CITY POLICE DEPARTMENT,** an agency, department, and/or subsidiary of Defendant, **CITY OF NEW YORK**, as part of its program for new Police officers, detectives, and other agents and/or employees, trained those individuals in the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime.

15.     That, upon information and belief, at all times herein mentioned, Defendant **NEW YORK CITY POLICE DEPARTMENT,** an agency, department, and/or subsidiary of

Defendant, **CITY OF NEW YORK**, as part of its program for new Police officers, detectives, and other agents and/or employees, trained those individuals in the proper procedures by which to clear a crowded area, including handling elderly citizens and/or citizens who are of a different ethnicity, and when, if ever, violent physical force is warranted.

16.     That, upon information and belief, at all times herein mentioned, the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774),  as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** as part of their training program in order to become Police officers, detectives, and/or agents and employees of Defendant(s), were trained in the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to demand identification, and when, if ever, violent physical force is warranted.

17.     That on or about April 17, 2011, at approximately 6:30 p.m., Plaintiff, **OTTO KOGEN**, an elderly, frail 73 year-old, was a pedestrian lawfully present in the vicinity of 105th Street in Manhattan, New York, and in the State of New York.

18.     That on or about April 17, 2011 at approximately 6:30 p.m., while Plaintiff, **OTTO KOGEN**, was a pedestrian lawfully present in the vicinity of 105th Street in Manhattan, New York, and in the State of New York., approximately three plain clothes Detectives of Defendant **NEW YORK CITY POLICE DEPARTMENT** emerged behind Plaintiff, OTTO KOGEN.

19.     That on or about April 17, 2011, at the above-mentioned time and location, while Plaintiff, **OTTO KOGEN**, was present and Police officers of Defendant **NEW YORK CITY**

4

**POLICE DEPARTMENT** emerged and threw Plaintiff against his vehicle demanding identification.

20. That on or about April 17, 2011, at the above-mentioned time and location, while Plaintiff, **OTTO KOGEN**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** emerged and threw Plaintiff against his vehicle demanding identification.

21. That on or about April 17, 2011, at the above-mentioned time and location, while Plaintiff, **OTTO KOGEN**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** emerged and threw Plaintiff against his vehicle demanding identification, Plaintiff complied under assumption that he was being robbed. Plaintiff, cried out asking pedestrians to call the Police, but was informed by the Defendants that they were the police when Defendants screamed "fuck you Russian, we are the police." Defendants then demanded more proof of vehicle ownership while taking the shoes and socks off of Plaintiff, OTTO KOGEN and searching his vehicle. The three plain clothes police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT,** and said Police officers, while acting in the scope and furtherance of their employment, physically encountered, touched, and came into physical contact with Plaintiff, **OTTO KOGEN,** against his will and without his consent.

22. That on or about April 17, 2011, said Police officers, at the above-mentioned time and location, caused a part(s) of their body (ies) to come into contact with Plaintiff's arm and back.

23. That on or about April 17, 2011, said Police officers, at the above-mentioned time and location, caused Plaintiff against his car.

24.     That on or about April 17, 2011, said Police officers, at the above-mentioned time and location, forced Plaintiff against the car, and continued to cause part(s) of their bodies to come into contact with plaintiff.

25.     That on or about April 17, 2011, said Police officers, at the above-mentioned time and location, caused their hands to come into contact with Plaintiff's body and particularly his head and chest.

26.     That on or about April 17, 2011, at the above-mentioned time and location, said Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **OTTO KOGEN,** against his will despite the fact that, Plaintiff had in no way alluded to physical violence, nor did Plaintiff's conduct suggest that he posed a physical threat to the aforementioned Police officers at any time.

27.     That at the above-mentioned date and location, said Police Officer(s), Detectives, and/or other agents and/or employees of Defendants. **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** physically encountered, touched, and came into physical contact with Plaintiff, **OTTO KOGEN,** against his will despite the fact that**,** Plaintiff, **OTTO KOGEN,** was nonetheless complying with Defendants' requests and committed no crime.

28.     That at the above-mentioned date and location, Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **OTTO KOGEN,** against his will without just cause or reason, and/or otherwise engaged him in a forceful and violent manner.

29.    That at the above-mentioned date and location, while Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **OTTO KOGEN,** against his will without just cause or reason, and/or otherwise engaged him in a forceful and violent manner, said individuals were acting in the scope of their employment for Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

30.    That at the above-mentioned date and location, after Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **OTTO KOGEN,** against his will without just cause or reason, and/or otherwise engaged him in a forceful and violent manner, Plaintiff, **OTTO KOGEN,** complied at all times.

31.    That at the above-mentioned date and location, all of the acts performed by the Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** were performed in the scope of said individual police officers' employment with Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

32.    That at the above-mentioned date and location, all of the acts performed by the Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, **NEW YORK CITY POLICE DEPARTMENT,** were performed with the knowledge, permission, and consent of Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

7

33.     That the aforesaid acts and/or omissions of the Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** resulted in the unlawful and unconsented touching of Plaintiff's, **OTTO KOGEN**, body in a forceful, violent, and harmful manner by Defendants', **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, Police Officer(s), Detectives, and/or other agents and/or employees, while in the scope of their employment with Defendants, constituting unconsented contact, excessive use of force, intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiff and the general public, and Plaintiff's cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted excessive and unwarranted force upon Plaintiff, all of which was totally without Plaintiff's consent, resulting in physical injuries as well as profound psychological trauma resulting in permanent psychiatric residuals, manifestations and overlay with periods of uncontrolled depression, feelings of worthlessness, lessening of self-esteem, which will have life-long effects upon Plaintiff including but not limited to his ability to resume a normal and productive life, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth herein below.

34.     That Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto:  In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or

employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees;  in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees;  in failing to monitor the subject situation; in using excessive force to request identification; in negligently conducting police duties; in failing to properly react to elderly individuals who pose no physical threat; in causing unnecessary physical contact with an individual that presents no physical threat, and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

35.    That at all times mentioned herein, and based particularly on the April 17, 2011 events as more fully set forth hereinabove, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the foregoing events of the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

36.    That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident

herein, including their purported prior acts of violent and forceful altercations with otherwise lawfully present citizens, and other related inappropriate behavior.

37.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with elderly citizens, and other related inappropriate behavior.

38.     That, upon information and belief, at all times mentioned herein and particularly prior to April 17, 2011, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future.

39.     That, upon information and belief, at all times mentioned herein, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of violent and forceful altercations with lawfully present pedestrians, including Plaintiff, and other related inappropriate behavior.

40.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported

10

prior acts of violent and forceful altercations with lawfully present citizens, including Plaintiff, and other related inappropriate behavior.

41.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to take all reasonable steps to eliminate unconsented physical and excessive physical force and contact from occurring by its Police Officer(s), Detectives, and/or other agents and/or employees**,** in their endeavors to perform their duties as police officer involving security and supervision, and/or requesting identification from elderly citizens, including the Plaintiff herein.

42.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** had actual as well as constructive notice and knowledge concerning the dangerous propensities and use of excessive force of its Police Officer(s), Detectives, and/or other agents and/or employees prior to April 17, 2011, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

43.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life.

44.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, was taken from the scene by EMS to St. Luke's Hospital for a two-day hospitalization for treatment.

45.     That as a result of the foregoing, the infant Plaintiff, **OTTO KOGEN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

46.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

47.     That on April 17, 2011at approximately 6:30 p.m. while Plaintiff was a pedestrian lawfully present in the vicinity of 105 Street, New York, and in the State of New York, Police Officer(s), Detectives, and/or other agents and/or employees**,** an employee of Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** while acting in the scope and furtherance of their employment, unlawfully touched Plaintiff, **OTTO KOGEN,** in an unconsented manner, including, upon information and belief, causing numerous forceful and violent encounters with Plaintiff's body.

48.     That said forceful and violent encounters included, but were not limited to, forceful contact between the knee of at least one plain clothes police officer and Plaintiff's back; forceful contact between the hands of at least one plain clothes police officer and Plaintiff's head; and forceful contact between the foot of at least one plains clothes police officer and Plaintiff's leg.

49.     That on April 17, 2011 at the aforesaid time and location, at least one New York City police officer struck Plaintiff, **OTTO KOGEN.**

50.     That on April 17, 2011 at the aforesaid time and location, at least one New York City police officer hit Plaintiff, **OTTO KOGEN.**

51.     That on April 17, 2011 at the aforesaid time and location, at least one New York City police officer slammed the head of Plaintiff, **OTTO KOGEN.**

52.     That on April 17, 2011 at the aforesaid time and location, at least one New York City police officer pressed the head of plaintiff, **OTTO KOGEN,** into the vehicle.

53.     That on April 17, 2011 at approximately 7:00 p.m., Police Officer(s), Detectives, and/or other agents and/or employees**,** an employee of Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** assaulted and battered Plaintiff, **OTTO KOGEN**, with force and violence, which Plaintiff observed and interpreted with great apprehension and fear, all against Plaintiff's will.

54.     That the actions of Police Officer(s), Detectives, and/or other agents and/or employees, as employee of Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, while in the scope and furtherance of his employment, were willful, intentional and unwarranted, and were without just cause or provocation.

55.     That, upon information and belief, on or about April 17, 2011, Plaintiff, OTTO KOGEN, was detained by Defendants, NEW YORK CITY POLICE DEPARTMENT, located at 1470 East New York Avenue, Brooklyn, NY, 11211, where he remained in custody for approximately twenty-five (25) minutes until he was released. Plaintiff then called the police.

56.     That, upon information and belief, on or about April 17, 2011, Plaintiff, OTTO KOGEN, was taken by ambulance to St. Luke's Hospital for chest pain where he was hospitalized for two days.

13

57.    That, upon information and belief, Plaintiff, OTTO KOGEN, was released from the hospital and billed approximately $11,000.00.

58.    That Plaintiff, OTTO KOGEN, would not have been admitted to St. Luke's Hospital but for the unlawful arrest and excessive force he encountered.

59.    That at all time mentioned herein, the aforesaid actions of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, were made within the scope of their employment with Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

60.    That as a direct, proximate cause of Defendants' assault and battery of the Plaintiff, the Plaintiff, **OTTO KOGEN**, has suffered great physical and emotional injuries resulting in pain and suffering and emotional distress.

61.    That as a further and direct and proximate result of Defendants' assault and battery of the plaintiff, Plaintiff, **OTTO KOGEN**, has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment, periods of depression, disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life.

62.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent personal injuries of his heart, head, body and mind as well as special damages and loss and/or diminution in his enjoyment of life.

63.    That as a result of the foregoing, the infant Plaintiff, **OTTO KOGEN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest,

14

costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION**
**<u>FOR FALSE ARREST</u>**

64.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

65.     That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed Plaintiff against his vehicle with his arms behind his body.

66.     That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was informed, impliedly and explicitly by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** that he was at no time free to leave.

67.     That, at the above-mentioned date and location, after Plaintiff was confined by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK** and no charges were ever filed or levied against him.

68.     That Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** confined Plaintiff, **OTTO KOGEN,** despite the fact that Plaintiff told a Police Officer

15

of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK** that he was the legal owner of the vehicle.

69.     That despite the fact that there was no meritorious basis for which Plaintiff, **OTTO KOGEN,** a victim of assault and battery by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** could be detained, Defendants nonetheless detained Plaintiff.

70.     That on or about April 17, 2011, at approximately 7:30 p.m., Police officers, detectives, and/or other agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** accused and detained Plaintiff, **OTTO KOGEN,** of having committed a criminal act(s).

71.     That on or about April 17, 2011, at approximately 7:30 p.m., the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, and/or **CITY OF NEW YORK** accused and detained plaintiff, **OTTO KOGEN,** of having committed a criminal act.

72.     That on or about April 17, 2011, at approximately 8:30 p.m., the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, and/or **CITY OF NEW YORK** accused and detained plaintiff, **OTTO KOGEN,** of having committed a criminal act(s), well knowing that Plaintiff committed no such criminal act(s).

16

73.     That, at all times mentioned herein, the Police officers, detectives, and/or other individuals who arrested Plaintiff, **OTTO KOGEN**, were agents and/or employees of Defendant(s) **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

74.     That, at all times mentioned herein, the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), and all other individuals who partook in detaining and arresting Plaintiff, **OTTO KOGEN** were Police officers, detectives, agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

75.     That, at all times mentioned herein, the individuals DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774),  and all other individuals who partook in arresting and detaining Plaintiff, **OTTO KOGEN**, were acting within the scope of their employment with Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

76.     That, upon information and belief, on or about April 17, 2011, Plaintiff, **OTTO KOGEN**, was detained in front of his vehicle by Defendant, **NEW YORK CITY POLICE DEPARTMENT**, where he remained in custody for approximately twenty-five (25) minutes.

77.     That, upon information and belief, on or about April 17, 2011, Plaintiff, **OTTO KOGEN**, was taken by ambulance to St. Luke's Hospital for chest pain where he was hospitalized for two days.

78.     That, upon information and belief, Plaintiff, **OTTO KOGEN**, was released from the hospital and billed approximately $11,000.00.

79.     That Plaintiff, **OTTO KOGEN,** would not have been admitted to St. Luke's Hospital but for the unlawful arrest and excessive force he encountered.

80.     That, upon information and belief, at no time on or about April 17, 2011, did Plaintiff commit any type of crime.

81.     That no facts regarding the incident of April 17, 2011, or thereafter support the theory that Plaintiff, **OTTO KOGEN**, offered any form of reasonable suspicion to allow a detainement.

82.     That on or about or about April 17, 2011 at approximately 7:30 p.m., Plaintiff was, without reason or just cause, detained and assaulted by Police officer(s), detective(s), agent(s) and/or employee(s) of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

83.     That on or about or about April 17, 2011 at approximately 7:30 p.m., Plaintiff was, without reason or just cause, confined and detained by DETECTIVE JOHNPAUL SLATER (Shield #06994), DETECTIVE VICTOR CARUSI (Shield #07934), DETECTIVE WILLIE ARTILES (Shield #00774), and/or other Police officers, detectives, impact response team members, agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, acting in the scope of their employment with said Defendants.

84.     That, under the circumstances herein, the Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** falsely arrested, detained and assaulted Plaintiff, **OTTO KOGEN**.

18

85.     That all of the foregoing have resulted in Plaintiff sustaining emotional overlay, stress, anxiety, angina, humiliation, embarrassment, tension, and loss of wages.

86.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent physical injury as well as special damages and loss and/or diminution in his enjoyment of life.

87.     That as a result of the foregoing, the infant Plaintiff, **OTTO KOGEN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### <u>FOR FALSE AND UNJUST DETENTION</u>

88.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

89.     That as a result of the foregoing, Plaintiff **OTTO KOGEN** was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of Defendant **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** against his will and without just or any cause.

90.     That the foregoing constitutes false and unjust detention of plaintiff, **OTTO KOGEN** against his will.

91.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent personal and physical injuries

19

of mind and body as well as special damages and loss and/or diminution in his enjoyment of life.

92.     That as a result of the foregoing, the infant Plaintiff, **OTTO KOGEN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

94.     That as a result of the aforementioned incidents intentionally caused by Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN** suffered severe emotional and/or mental distress.

95.     That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN** suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

96.     That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff **OTTO KOGEN** suffered severe emotional and/or mental distress, all of which are permanent in nature.

97.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life.

98.     That as a result of the foregoing, the infant Plaintiff, **OTTO KOGEN**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AND AS FOR A SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

99.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

100.    That at all times herein mentioned, Defendants, **CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,** their agents and/or employees, were in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York.

101.    That Defendants, "in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York," failed to follow the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures, and when, if ever,

violent physical force is warranted, and said failures were committed by Defendants in their conduct towards, and treatment of Plaintiff, **OTTO KOGEN,** despite knowing that they were required to follow proper procedures.

102.    That Defendants, "in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York," failed to follow the proper procedures, and said failures were committed by Defendants in their conduct towards, and treatment of Plaintiff, **OTTO KOGEN,** despite knowing that they were required to follow proper procedures.

103.    That Defendants, in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, based on the foregoing, breached and/or ignored their duties, training guidelines, safety standards and other protocols, which was wholly improper.

104.    That, upon information and belief, Plaintiff **OTTO KOGEN,** was subjected to the aforementioned failures and breach of duties, training guidelines, safety standards and other protocols because of his ethnicity/age as a Russian elderly American.

105.    That, upon information and belief, Plaintiff, **OTTO KOGEN,** was subjected to the aforementioned failures and breach of duties, training guidelines, safety standards and other protocols because of his race as a Russian-American, which Defendants herein knew or assumed based upon Plaintiff's appearance.

106.     That, upon information and belief, all facts and legitimate evidence point to the reality that on or about April 17, 2011, Plaintiff, **OTTO KOGEN,** was a pedestrian lawfully present in the vicinity of 105th Street, New York, and at no time at this date and location did Plaintiff commit any type of crime or conspire to commit same.

107.    That despite all facts and legitimate evidence point to the reality that on or about April 17, 2011, Plaintiff, **OTTO KOGEN,** was a pedestrian lawfully present in the vicinity of 105th Street, New York, and in the State of New York, and at no time at this date and location did Plaintiff commit any type of crime or conspire to commit same, the Defendants herein failed to follow the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to clear a crowded area, including handling elderly citizens, and knowing when, if ever, violent physical force is warranted, in their conduct towards, and treatment of Plaintiff, **OTTO KOGEN,** despite knowing that same was required, and such proper procedures and protocol were ignored by Defendants herein because of Plaintiff's ethnicity as a Russian-American.

108.    That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **OTTO KOGEN,** all because of his ethnicity as a Russian-American, which was violative of Plaintiff's, **OTTO KOGEN**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

109.    That by reason of the foregoing, Plaintiff, **OTTO KOGEN**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

110.    That as a result of the foregoing, Defendants herein, and/or by way of their agents and/or employees, violated Plaintiff's, **OTTO KOGEN,** civil and constitutional rights.

111.    That as a result of the foregoing, Defendants herein, and/or by way of their agents and/or employees, violated Plaintiff's, **OTTO KOGEN,** civil and constitutional rights, causing him to sustain emotional and/or mental distress and related residuals.

112.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **OTTO KOGEN,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life.

113.    That as a result of the foregoing, the infant Plaintiff, **OTTO KOGEN**, has sustained damages, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**WHEREFORE**, Plaintiff, **OTTO KOGEN,** demands judgment against Defendants, **CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
       June 15, 2012

Yours, etc.

_____/s_____
EVAN H. NASS, ESQ.
*ATTORNEY FOR PLAINTIFF*

24

NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, OTTO KOGEN.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:        New York, New York
              January 27, 2012


                                    _____
                                         JUSTIN M. ROPER, ESQ.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

=====================================================================

**OTTO KOGEN,**

                                  **Plaintiff,**

    – against –

**CITY OF NEW YORK and NEW YORK CITY**
**POLICE DEPARTMENT,**

                                **Defendants.**

=====================================================================

## SUMMONS & VERIFIED COMPLAINT

=====================================================================

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**OTTO KOGEN**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.